EASTERN DIST.
*January*, 1836.

M'MILLAN
*vs.*
GIBSON ET AL.

drawer is apparent on the face of the bill, by directing it to be charged to account of the steam-boat, which negatives the idea, that he was to be personally bound.

---

### M'MILLAN *vs.* GIBSON ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

When all the documents mentioned in the certificate of the clerk to the record, are not produced in the Supreme Court, the appeal will be dismissed.

This case comes up on a motion to dismiss the appeal, for want of several documents to complete the record.

The clerk certifies at the foot of the record, that it "contains all the testimony (except the documents which will be produced in the originals before the Supreme Court) adduced in the cause, and a full and complete transcript of the record of the case, wherein, &c."

When the cause came on for trial, the documents mentioned in the certificate to be produced in the originals, were not filed.

*Roselius*, for the plaintiff and appellee, moved to dismiss the appeal, because the record was not complete, and the matter involved in the controversy, is now *res judicata.*

*Sterrett,* for the appellant, *contra.*

EASTERN DIST.
*January,* 1836.

*Martin, J.,* delivered the opinion of the court.

In this case, the record and evidence of the proceedings and trial in the inferior court, is so imperfect and defective, as to preclude an examination on the merits.

The clerk's certificate attests, that the record contains all the evidence on which the case was tried, except some documents, the originals of which were to be produced in the Supreme Court. The appellant has not brought up, or produced any in this court, consequently we are unable to act on the case.

When all the documents mentioned in the certificate of the clerk to the record, are not produced in the Supreme Court, the appeal will be dismissed.

The appeal must, therefore, be dismissed, at the costs of the appellant.